IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RICHARD HINDES, #07510-090,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-01373-SMY |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Richard Hindes, who is currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), brings this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80. In the Complaint (Doc. 1), Plaintiff claims that several officials at the United States Penitentiary in Marion, Illinois ("USP-Marion") deprived him of adequate medical care in the form of reduced testosterone injection levels and failed to come to his aid or sanction his assistance by outside specialists. (*Id.* at 5.)

Plaintiff commenced this action on December 16, 2015. Previously, on November 12, 2014, Plaintiff filed a civil rights complaint concerning much of the same events covered in the complaint herein. In the first case, Plaintiff is seeking $10 million in damages, which he allegedly intends to donate to children's cancer research. *See Hindes v. BOP Medical Staff*, 14-1272 (S.D. Ill. Dec. 4, 2014). That case is still ongoing.

## Merits Review Under 28 U.S.C. § 1915A

Under 28 U.S.C. § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. *Id.* § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be

granted, or asks for money damages from a defendant who by law is immune from such relief. *Id.* § 1915A(b). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). After considering the allegations in light of this standard, the Court finds that the Complaint survives preliminary review under Section 1915A.

## The Complaint

In the Complaint, Plaintiff alleges that his testicles were surgically removed as a result of a childhood illness. As a result, he has received testosterone injections during his entire adulthood. At USP-Marion, Paul Harvey, a prison doctor, reduced Plaintiff's testosterone

dosage for a period of six months. Plaintiff asserts that Dr. Harvey did so "after behavior became an issue only to keep me at substandard levels." During the six months that he received a reduced dosage, Plaintiff experienced extreme pain and lethargy. He claims that it was the most painful experience of his life.

Plaintiff sought help from other prison officials. Robert King, another prison doctor, apparently mocked Plaintiff. He accused him of being on drugs and, in a room full of inmates, told him that the prison cannot verify that he did not have testicles because they forgot to conduct his testicular examination. Leslee Duncan (a physician's assistant), Patrick Cunningham (a registered nurse), and perhaps other officials refused to do anything in an attempt to alleviate his pain, telling him simply, "you won't die."

Currently, Plaintiff still experiences pain and suffers from nightmares and vision problems. His grievances have been ignored, his tort suit dismissed and his requests to be seen by medical specialists and to receive bone density tests refused. Plaintiff now sues the United States pursuant to the FTCA. He seeks an investigation into the proficiency of certain members of USP-Marion's medical staff, placement into a facility where he can be treated by endocrinologists and urologists and $180,000 in damages.

The *pro se* complaint asserts a single claim, as follows:

> **Count 1:** Defendant, by and through the deliberate indifference of USP-Marion officials, is liable under the FTCA for injuries resulting from Plaintiff's exposure to reduced testosterone levels and the concomitant failure by officials to come to his aid or sanction his assistance by outside specialists.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation does not constitute an opinion as to the merits.

**Discussion**

A federal prisoner who seeks relief for the misconduct of federal agents has three options for obtaining relief in federal court. He may bring a suit against the United States under the FTCA for misconduct of federal agents that is considered tortious under state law. *Sisk v. United States*, 756 F.2d 497, 500 n.4 (7th Cir. 1985) (citing 28 U.S.C. §§ 1346(6), 2680). He may bring a suit against the agent for a violation of his constitutional rights under the theory set forth in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Or, he may bring both types of claims in the same suit. *See, e.g., Ting v. United States*, 927 F.2d 1504, 1513 n. 10 (9th Cir. 1991). Plaintiff's complaint implicates only on an FTCA claim.

The FTCA allows "civil actions on claims against the United States, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Pursuant to the FTCA, "federal inmates may bring suit for injuries they sustain in custody as a consequence of the negligence of prison officials." *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). State tort law of the state where the tort occurred applies when determining "whether the duty was breached and whether the breach was the proximate cause of the plaintiff's injuries." *Parrott v. United States*, 536 F.3d 629, 637 (7th Cir. 2008); *see also Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003).

In this case, Illinois law applies. In order to state a claim for negligence under Illinois law, a complaint must allege facts sufficient to establish that the defendant owed the plaintiff a duty of care, breached that duty and that the breach was the proximate cause of the plaintiff's injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citing *Iseberg v. Gross,* 879 N.E.2d

278 (2007)). Here, the Complaint suggests that Dr. Harvey, Dr. King, Duncan and Cunningham responded to Plaintiff's medical condition with deliberate indifference by manipulating the dosage of his testosterone injections for six months and failing to provide Plaintiff with any relief - internally or through the care of outside medical specialists. The Complaint also suggests that the dosage of Plaintiff's medication was reduced as a form of punishment, which would mean that Dr. Harvey and perhaps other officials acted intentionally.  Therefore, Plaintiff shall be able to proceed on his FTCA claim at this point.  However, "relief other than monetary damages is not authorized by the FTCA." *Sisk*, 756 F.2d at 500 n.5 (citing 28 U.S.C. § 1346(b)). Therefore, Plaintiff will be unable to pursue his claim for injunctive relief.

## Pending Motion

Plaintiff filed a motion for recruitment of counsel (Doc. 2), which shall be referred to United States Magistrate Judge **Philip M. Frazier** for a decision.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff may proceed on **COUNT 1** against the **UNITED STATES of AMERICA**.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on the United States; the Clerk shall issue the completed summons.  Pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois, a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on the U.S. Attorney. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 8, 2016**

s/ STACI M. YANDLE
**STACI M. YANDLE
United States District Judge**
